**UNITED STATES of America**

v.

**Lornette Henry LASTRA, a/k/a Lornette Henry, Appellant.**

No. 90–3132.

United States Court of Appeals, District of Columbia Circuit.

Argued April 6, 1992.

Decided Sept. 8, 1992.

Daniel E. Ellenbogen, Washington, D.C. (appointed by this court), for appellant.

Jennifer M. Anderson, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., John R. Fisher, and Thomas J. Tourish, Jr., Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee. Roy W. McLeese III, Asst. U.S. Atty., Washington, D.C., also entered an appearance, for appellee.

Before SILBERMAN, BUCKLEY, and WILLIAMS, Circuit Judges.

Opinion for the court filed by Circuit Judge BUCKLEY.

BUCKLEY, Circuit Judge:

Lornette Henry Lastra pled guilty in district court to a charge of conspiracy to distribute cocaine and was sentenced to five years' imprisonment. At the time, Lastra was serving a sentence for another drug violation. After considering the matter in chambers, the district judge decided to impose the current sentence consecutively with the earlier sentence. Lastra claims that this violated her right under Federal Rule of Criminal Procedure 43(a) to be present at sentencing. She also argues that she was not given sufficient notice that she might be awarded a consecutive sentence. Because we find that Lastra's presence was required when the sentence was imposed consecutively, we vacate the sentence and remand for resentencing.

## I. BACKGROUND

In 1986, Lornette Lastra was detained at Washington National Airport in Virginia for possession of cocaine. She managed to escape and remained a fugitive from justice until November 4, 1988, when she was arrested in Annapolis, Maryland. On August 31, 1989, the United States District Court for the Eastern District of Virginia sentenced Lastra to three years' imprisonment for the original possession charge. She is currently serving that sentence in federal prison.

In the instant case, Lastra and twenty-nine co-defendants were charged with violating various drug and firearms laws in 1988 and 1989 as part of a drug distribution conspiracy. Lastra agreed to plead guilty to one charge of conspiracy under 18 U.S.C. § 371 (1988). A presentence report recommended a sentence under the U.S. Sentencing Guidelines of 151–188 months and asserted that the new sentence would run concurrently with her earlier one.

Lastra appeared for sentencing on May 16, 1990, and asked the court for clemency because she had overcome her drug addiction in prison. She also asked that the sentence run concurrently with the earlier sentence, arguing that both crimes were the result of her "destructive relationship" with a drug dealer who was one of her co-defendants.

The Government responded that Guideline 5G1.3 required the sentences to run consecutively because they stemmed from different transactions. The Government's brief acknowledges, with admirable candor, that all participants at the sentencing appeared to be referring to an incorrect version of the Guidelines. In discussing this issue before the trial court, they had quoted from the 1989 version of Guideline

5G1.3, rather than the one in effect when Lastra was arrested in 1988. *See United States v. Green*, 952 F.2d 414, 416–17 (D.C.Cir.1991) (version in existence at time of offense applies if subsequent amendment effects substantive change in Guidelines), *cert. denied*, —— U.S. ——, 112 S.Ct. 1775, 118 L.Ed.2d 433 (1992).

The 1989 version provided, in part, as follows:

> *Imposition of a Sentence on a Defendant Serving an Unexpired Term of Imprisonment*
>
> If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status), the sentence for the instant offense shall be imposed to run consecutively to the unexpired term of imprisonment.

> *Commentary*
>
> . . . .
>
> Where the defendant is serving an unexpired term of imprisonment, but did not commit the instant offense while serving that term of imprisonment, *the sentence for the instant offense may be imposed to run consecutively or concurrently with the unexpired term of imprisonment.*

U.S.S.G. § 5G1.3 (1989) (emphasis added).

For purposes of this case, however, the controlling version of Guideline 5G1.3 was the 1987 version, which read, in pertinent part, as follows:

> *Convictions on Counts Related to Unexpired Sentences*
>
> If at the time of sentencing, the defendant is already serving one or more unexpired sentences, then the sentences for the instant offense(s) shall run consecutively to such unexpired sentences, unless one or more of the instant offense(s) arose out of the same transactions or occurrences as the unexpired sentences. In the latter case, such instant sentences and the unexpired sentences shall run concurrently, except to the extent otherwise required by law.

> *Commentary*
>
> . . . .
>
> This section reflects the statutory presumption that sentences imposed at different times ordinarily run consecutively. *See* 18 U.S.C. § 3584(a). This presumption does not apply when the new counts arise out of the same transaction or occurrence as a prior conviction.
>
> Departure would be warranted when independent prosecutions produce anomalous results that circumvent or defeat the intent of the guidelines.

U.S.S.G. § 5G1.3 (Oct. 1987) (emphasis added).

As the sentence stipulated by the Guidelines exceeded the statutory range, the court sentenced Lastra to the maximum statutory period of five years followed by three years of supervised release. *See* U.S.S.G. § 5G1.1 (1987). The court advised Lastra: "It appears that there is a question ... about whether or not your sentence may run concurrently with the one that you were given out in Virginia." (Sentencing Transcript, May 16, 1990, at 17.) The court then informed the parties, without objection, that it would research the question and would give them an answer by the end of the day:

> So, whether this one is to run consecutive or concurrent I'm not sure today at this moment, but I'm going to be sure before the day is over and I execute your papers. So, you may get a consecutive sentence, which would be a sentence on top of the one you are presently serving, or you may get a concurrent sentence, which means you can serve mine while you are also serving the other, serving two at the same time.

(*Id.* at 18.) Later that day, the court signed the judgment and commitment order imposing a consecutive sentence. The record does not indicate whether the court applied the 1987 or 1989 version of the Guidelines, nor does it reveal whether the court viewed its decision to impose a consecutive sentence as obligatory or discretionary.

## II. ANALYSIS

"The requirement that the defendant be present when sentence is passed has deep common law origins." *United States v. Curtis,* 523 F.2d 1134, 1135 (D.C.Cir.1975). The Supreme Court has described the "right to be present in the courtroom at every stage of his trial" as one of the "most basic of the rights guaranteed by the [Sixth Amendment's] Confrontation Clause[.]" *Illinois v. Allen,* 397 U.S. 337, 338, 90 S.Ct. 1057, 1058, 25 L.Ed.2d 353 (1970) (citing *Lewis v. United States,* 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892)).

This constitutional protection is embodied in Federal Rule of Criminal Procedure 43(a). The Rule states, in unequivocal terms:

The defendant *shall* be present at the arraignment, at the time of the plea, at every stage of the trial ..., and at the imposition of sentence[.]

Fed.R.Crim.P. 43(a) (emphasis added). A felon's right to be present at his sentencing is of fundamental importance not only because it "serves the defendant's interest by facilitating allocution, but [because] the state has an independent interest in requiring a public sentencing in order to assure the appearance of justice and to provide a ceremonial ritual at which society pronounces its judgment." *Curtis,* 523 F.2d at 1135.

The Supreme Court has made it clear that the mandatory words of Rule 43, "shall be present," mean what they say. *See, e.g., United States v. Behrens,* 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224 (1963). In *Behrens,* the trial court sentenced the defendant to twenty years but reserved the right to modify the judgment pending completion of an examination by the Attorney General. The court ultimately reduced the sentence to five years, but failed to do so in the defendant's presence. The Supreme Court found that the court violated the defendant's right to be present at his sentencing, as the "imposition of sentence" had occurred at the time of the reduction in sentence, not at the earlier proceeding, which was "wholly tentative."

*Id.* at 165. As Justice Harlan emphasized in concurrence:

The elementary right of a defendant to be present at the imposition of sentence and to speak in his own behalf ... is not satisfied by allowing him to be present and speak at a prior stage of the proceedings which results in the deferment of the actual sentence.

*Id.* at 167–68 (Harlan, J., concurring).

The Government argues that the case before us is one of the rare instances where the defendant's presence is not required, as the court's decision to impose the sentence consecutively was not an "imposition of sentence" for purposes of the Rule. The Government relies on our holding in *Curtis,* where the defendant had agreed to accept a sentence in accordance with the now repealed Narcotic Addict Rehabilitation Act ("NARA"). At a later hearing conducted in Curtis's absence, the court determined that NARA mandated a sentence of ten years. *Curtis,* 523 F.2d at 1134–35. The issue on appeal was whether Curtis had waived her Rule 43(a) right to be present at this later proceeding.

We held that she had waived her right. We first noted that "[o]rdinarily, a felony defendant may not waive presence at sentencing." *Id.* at 1135. Nonetheless, we found that in this instance the defendant's presence was not necessary, as NARA *required* a sentence of ten years:

Since the court had no discretion to sentence to NARA for a term less than 10 years, her reappearance was purposeless.

*Id.* at 1136.

*Curtis* is not controlling. It involved a situation where the later determination of the sentence required by NARA was purely ministerial. In this case, by contrast, it is not at all clear that the district court performed a purely ministerial act when it decided to impose the sentence consecutively. The record does not indicate whether the court believed it was applying the 1987, rather than the 1989, version of Guideline 5G1.3. If the former, the court might well have concluded that it had discretion to award either a concurrent or consecutive sentence, a position held by several cir-

cuits. *See, e.g., United States v. Notting-ham,* 898 F.2d 390, 393–96 (3d Cir.1990) (notwithstanding Guideline 5G1.3, court retains discretion under 18 U.S.C. § 3584(a) to impose concurrent sentence); *United States v. Wills,* 881 F.2d 823, 825–26 (9th Cir.1989) (same). *But cf., e.g., United States v. Rogers,* 897 F.2d 134, 135–37 (4th Cir.1990) (unless procedures for departure from Guidelines followed, imposition of consecutive sentence required by Guideline 5G1.3); *United States v. Miller,* 903 F.2d 341, 345–49 (5th Cir.1990). We need not choose among these competing interpretations of the Guideline. It suffices that, on the record before us, it is quite possible that the district court had reserved the right to sentence Lastra consecutively rather than concurrently. This being the case, we cannot consider the earlier sentencing proceeding, at which the defendant was present, as "final." Accordingly, we hold that Lastra's presence was required at the time the court announced that her sentence would be served consecutively. *Behrens,* 375 U.S. at 165, 84 S.Ct. at 297.

Because we must vacate Lastra's sentence, we do not reach her second argument for setting it aside; namely, that the district court had failed to comply with Guideline 6A1.3(b)'s requirement that it provide her with prior notice of "disputed sentencing factors...." U.S.S.G. § 6A1.3(b). Specifically, she asserts that the court should have advised her before the sentencing of its tentative conclusion with respect to the award of a consecutive rather than a concurrent sentence. In light of today's decision, however, we need not reach that claim; for the future, of course, Lastra is now amply forewarned that she must be prepared to deal with the question at her resentencing.

### III. CONCLUSION

Rule 43(a) requires the defendant's presence for all but the most ministerial of sentencing actions. In applying it, form is as important as substance because a defendant's presence at his sentencing is the best guarantee of his right of allocution; at the same time, it encourages public confi-dence in the fairness of the proceedings. Because we cannot say that the district court's decision to sentence Lastra consecutively was merely ministerial, we must vacate her sentence and remand the case for resentencing.

*So ordered.*