UNITED STATES of America, Appellee,

v.

Gerard AGARD, Defendant,

Leslie Evans, Defendant–Appellant.

No. 212, Docket 95–1104.

United States Court of Appeals,
Second Circuit.

Argued Sept. 28, 1995.

Decided Feb. 15, 1996.

Jeremy F. Orden, New York City, for Defendant–Appellant.

Eric Rothstein, Assistant United States Attorney, Eastern District of New York, Brooklyn, NY (Zachary W. Carter, United States Attorney, Emily Berger, Susan Corkery, Assistant United States Attorneys, Eastern District of New York, Brooklyn, NY, of Counsel), for Appellee.

Before: KEARSE, WALKER and CALABRESI, Circuit Judges.

WALKER, Circuit Judge:

Defendant–Appellant Leslie Evans appeals from a judgment of conviction of violation of probation before the United States District Court for the Eastern District of New York (Raymond J. Dearie, District Judge). On appeal, Evans argues that he could not be convicted of, and sentenced for, violation of probation on the ground that he was never lawfully on probation because he was not present in court at the time the district judge sentenced him to probation. Our jurisdiction arises under 18 U.S.C. § 3742, which provides that a "defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence … was imposed in violation of law." 18 U.S.C. § 3742(a)(1).

Alternatively, Evans argues that the sentence for violation of probation was unreasonably high. He also claims that the district judge's imposition of a consecutive sentence on the probation violation was error because the judge mistakenly believed that he lacked the authority to impose a concurrent sentence.

For the reasons that follow, we affirm Evans's sentence for violation of probation.

## BACKGROUND

On July 20, 1989, Evans pled guilty to possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), a Class C felony. On August 15, 1990, he was sentenced to five years imprisonment, to be suspended, and twenty years supervised release. As all parties agree, this sentence was in error. Therefore, the following day, the

district court replaced this sentence with a sentence of five years probation, and entered the new sentence in the written judgment of conviction. Evans was present in court for the initial sentencing on August 15 but not for the August 16 modification. Evans did not appeal his sentence.

On December 26, 1991, the Probation Department filed a Violation of Probation ("VOP"), advising the district court that while on probation, Evans had committed two federal crimes: possession of checks stolen from the mail and participation in a bank fraud scheme. The VOP also stated that Evans had violated his probation by leaving the judicial district without permission, failing to report to his probation officer, violating his home curfew, and failing to maintain full-time employment. On February 14, 1992, Evans pled guilty to one count of an indictment charging him with possession of a check stolen from the mail, and admitted to a Grade B probation violation of the condition that he not commit new federal crimes. The district judge continued Evans on probation pending his sentencing on the guilty plea and probation violation. Evans absconded prior to the scheduled date for sentencing and was not located until April 13, 1993. Meanwhile, he again failed to report to his probation officer in further violation of probation. Evans subsequently pled guilty to two additional federal crimes. On February 9, 1995, the district judge sentenced Evans to thirty months imprisonment on the earlier conviction and the two new ones and imposed a consecutive sentence of seventy-two months on the admitted probation violation to be followed by three years supervised release.

■ Evans now argues that the August 16, 1990 modification of his sentence on the original possession of cocaine conviction, which occurred in his absence, rendered the sentence to probation a nullity, thereby vitiating his subsequent sentence on the probation violation. We agree that Evans may now challenge his 1990 sentence to probation on the ground that the underlying sentence of probation was invalid. *Cf. United States v. Johnson*, 315 F.2d 714, 717 (2d Cir.1963) (denial of right to be present at sentencing may be attacked in a proceeding under 28 U.S.C. § 2255), *cert. denied*, 375 U.S. 971, 84 S.Ct. 477, 11 L.Ed.2d 418 (1964). However, we reject his argument on the merits.

## DISCUSSION

Evans alleges that the district court committed reversible error when, on August 16, 1990, it imposed sentence in his absence. Although we agree that it was error for the district court to enter a judgment effectively imposing a sentence on August 16, 1990 in the defendant's absence that was different from the one it imposed the previous day in his presence, we hold that the August 16, 1990 sentence can stand because it was less severe than the one announced in Evans's presence.

■ We have previously stated that "[i]t is the oral sentence which constitutes the judgment of the court, and which is authority for the execution of the court's sentence. The written commitment is mere evidence of such authority." *United States v. Marquez*, 506 F.2d 620, 622 (2d Cir.1974) (internal quotations omitted). It is therefore critical that the defendant be present when sentence is orally imposed. *See Johnson*, 315 F.2d at 716 (the right "of being present when sentence is imposed" is "fundamental"); *Hays v. Arave*, 977 F.2d 475, 481 (9th Cir.1992) ("the right to be present at one's sentencing proceeding is a 'fundamental' one") (citing *Arizona v. Fulminante*, 499 U.S. 279, 311, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302 (1991)); *United States v. Lastra*, 973 F.2d 952, 955 (D.C.Cir.1992) ("A felon's right to be present at his sentencing is of fundamental importance not only because it 'serves the defendant's interest by facilitating allocution, but [because] the state has an independent interest in requiring a public sentencing in order to assure the appearance of justice and to provide a ceremonial ritual at which society pronounces its judgment.'") (quoting *United States v. Curtis*, 523 F.2d 1134, 1135 (D.C.Cir.1975)). The right is of constitutional dimension. *See Faretta v. California*, 422 U.S. 806, 819 n. 15, 95 S.Ct. 2525, 2533 n. 15, 45 L.Ed.2d 562 (1975) ("This Court has often recognized the constitutional stature of rights that, though not literally expressed in the document, are essential to due process of law

in a fair adversary process. It is now accepted, for example, that an accused has a right to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings...."); *Hays*, 977 F.2d at 476–77 (A defendant "has both a due process right to be present at his sentencing ... as well as a Sixth Amendment right to effective assistance of counsel at sentencing.") (citations omitted); *Behrens v. United States*, 312 F.2d 223, 225–26 (7th Cir.1962) ("[F]undamental requirements of due process ma[k]e it essential that the petitioner be present at the time of ... imposition of sentence.... A sentencing, even to probation, is admittedly invalid in the defendant's absence."), *aff'd*, 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224 (1963).

■ In the present case, Evans should have been present when the district court modified his sentence on August 16, and the modification, because it was to become Evans's sentence, should have been stated in open court. However, because Evans was present at the August 15 proceeding and was fully aware of, and able to respond to, the district judge's intentions, Evans's absence on August 16, when the judgment was entered imposing a less onerous sentence, did not disadvantage him and therefore will not support vacatur of his sentence. In enacting Rule 43 of the Federal Rules of Criminal Procedure, Congress codified the principle that when, at a second sentencing for the same conduct, a less onerous sentence is imposed, the defendant's presence is not required. Rule 43 provides that "[t]he defendant shall be present ... at the imposition of sentence.... [However, a] defendant need not be present ... [a]t a reduction of sentence under Rule 35." Fed.R.Crim.P. 43(a) & (c)(4).[1]

On August 15, 1990, the district judge stated that his goal in sentencing Evans was to maintain court supervision over Evans for twenty years. The district judge imposed a sentence designed to effectuate that goal by ordering a twenty year term of supervised release. The following day, the district judge signed the judgment that provided for probation supervision of Evans for only five years on essentially the same terms as supervised release. Although nothing in the record indicates that the parties or the district court viewed the August 16 modification as a reduction of the sentence and in 1990 Rule 35 of the Federal Rules of Criminal Procedure did not provide for a reduction, *see supra* note 1, the sentence was effectively reduced to Evans's benefit. Evans was therefore neither disadvantaged nor prejudiced in any manner by his absence when the district court modified his sentence.

■ Evans alleges two additional claims of error: (1) the sentence imposed upon him for violation of probation was calculated on the basis of an unreasonable upward departure, and (2) the district judge imposed the sentence on the probation violation consecutive to Evans's sentences on prior convictions because the district judge erroneously believed that he lacked the authority to impose the sentence concurrently. Each of these claims is without merit. The probation violation sentence was not unreasonable—it reflected the fact that Evans's original sentence of probation was the result of a generous downward departure from an imprisonment range of 188 to 235 months as a reward for his substantial assistance, and

---

1. Current Rule 35, which became effective on December 1, 1991, provides as follows:
   (a) . . . The court shall correct a sentence that is determined on appeal under 18 U.S.C. [§] 3742 to have been imposed in violation of law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable, upon remand of the case to the court ... (b) ... The court, on motion of the Government made within one year after the imposition of the sentence, may reduce a sentence to reflect a defendant's subsequent, substantial assistance.... (c) ... The court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error.
   When the district court sentenced Evans in August 1990, an earlier version of Rule 35 was in effect which did not include subsection (c). An even earlier version, which applies to offenses committed prior to November 1, 1987, and is therefore inapplicable to Evans's case, provided that a "court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence [120 days]."

**26**

that while on probation, Evans's commission of violations and repeated acts of criminal behavior constituted a serious breach of the trust that the court had placed in him by imposing such a lenient sentence. The decision to sentence Evans consecutively was similarly appropriate. The district judge indicated that he would impose consecutive sentences regardless of whether he were required to do so or not, eliminating the need for us to decide whether the district judge was aware of his ability to impose concurrent sentences.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.