Margaret Giordano, U.S. Atty's Office, Criminal Div., Brooklyn, NY, for U.S.

**Leslie EVANS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. CV 96–4468(RJD).**

United States District Court, E.D. New York.

April 11, 1997.

## MEMORANDUM & ORDER

DEARIE, District Judge.

Leslie Evans returns yet again to this Court. On February 9, 1995, Mr. Evans was sentenced to a term of seventy-two months' imprisonment and three years' supervised release after pleading guilty to a violation of probation ("VOP"). The Second Circuit upheld the sentence on direct appeal. Evans now requests the Court, pursuant to 28 U.S.C. § 2255, to vacate the sentence. For the reasons stated below, the petition is denied.

### Background

The relevant history begins in July, 1989, when petitioner pled guilty to one count of possession of approximately 184 grams of cocaine base with intent to distribute. His

base offense level was calculated at 34, with a two-level enhancement for possession of a firearm and two-level downward adjustment for acceptance of responsibility. Because Evans' criminal history category was III, the guideline range was 188–235 months. However, in light of petitioner's substantial cooperation and the government's 5K1.1 motion, the Court downwardly departed and imposed a suspended sentence of five years' imprisonment and twenty years' supervised release. The following day, on August 16, 1990, the Court amended the sentence, imposing a sentence of five years' probation. Evans did not appeal.

In December 1991, while on probation, petitioner was indicted in this district on three counts of possessing stolen checks. Shortly thereafter, the Probation Department filed a violation report alleging that petitioner had violated the terms of his probation by possessing the stolen checks, participating in a bank fraud scheme, leaving the district without permission on at least two occasions, failing to report to his probation officer fourteen times, violating his home curfew at least twice, and failing to maintain full employment. On February 14, 1992, Evans pled guilty to one count of the stolen check indictment, and admitted to a violation of the probation condition that he not commit federal crimes. Before the scheduled sentencing hearing, Evans fled the district.

Petitioner was not located until April 13, 1993, when he was arrested on narcotics charges in the Southern District of New York. He ultimately was acquitted of those charges, but it was discovered that, during the period he was at large, he had committed two additional federal crimes. One of these involved a scheme to defraud insurance companies by filing false accident claims and the other a scheme to negotiate forged checks. The latter charge initially was filed in the Southern District of New York, but was transferred to this Court pursuant to Federal Rule of Criminal Procedure 20. He ultimately pled guilty to those charges before this Court in July, 1994.

On February 9, 1995, the Court sentenced petitioner to a term of imprisonment of thirty months—the maximum guideline period—

and five years' supervised release on the three outstanding crimes to which he had pled guilty. On the VOP, the Court sentenced Evans to seventy two months' imprisonment, to be served consecutively to the thirty month term, and three years' supervised release. This latter sentence represented an upward departure from the recommended guideline range of eight to fourteen months under U.S.S.G. § 7B1.4(a). Evans appealed, contending that (a) he was not lawfully on probation because he was not present in court when his sentence was amended, on August 16, 1990, to a term of probation; (b) the seventy two month VOP sentence was excessive; and (c) that sentence should not have been made consecutive to the thirty month sentence on the criminal charges. The Second Circuit affirmed the sentence and judgment. *United States v. Agard*, 77 F.3d 22, 26 (2d Cir.1996).

Evans again challenges the length of his VOP sentence, now claiming that the seventy-two month term was determined by reference to the original guideline range which, he claims, was calculated in error. Petitioner packages this argument with the claim that his counsel was ineffective by not objecting to the guidelines calculation.

### Discussion

The Second Circuit has already determined that petitioner's seventy two month VOP sentence is "reasonable." *Agard*, 77 F.3d at 25–26. Evans now attacks the sentence and his attorney at the same time. He argues for the first time that counsel failed to challenge the original guidelines calculation, and speculates that the Court's seventy two month sentence was calculated using the original range of 188–235 months as a starting point.

Petitioner argues that because the Court referred, at his VOP sentencing hearing, to the original guideline range, that it somehow specifically calculated his VOP sentence based on that range. He is mistaken. The Court referred to the original sentencing range merely to point out the extent of its leniency in imposing the prior sentence. Even if the original guideline range had been somewhat lower, as petitioner argues, the

fact remains that Evans flaunted the government's 5K1 recommendation and the Court's leniency by violating the terms and conditions of his probation by committing numerous criminal acts. For that reason, the Court imposed the seventy two month sentence which he now attacks. His attempt to assert what amounts to a second appeal of that sentence is unwarranted.

■ Absent a showing of cause and prejudice, an ineffective assistance of counsel claim which was not raised on direct appeal cannot be asserted in a section 2255 petition if (a) the petitioner had new counsel on direct appeal and (b) the alleged violation is apparent from record. *Billy–Eko v. United States*, 8 F.3d 111, 113–15 (2d Cir.1993). Petitioner's counsel on direct appeal was not the same attorney whose alleged ineffectiveness he attacks, and the guidelines calculations he questions are clear from petitioner's sentencing record. Nor has petitioner shown cause for, or prejudice resulting from, his failure to raise these issues on direct appeal.

■ In any event, the original guideline range was properly calculated. Evans argues he should have received a three level downward adjustment for acceptance of responsibility, whereas the relevant guideline in effect in 1990 clearly called for the two level adjustment he received. *See* U.S.S.G. § 3E1.1(a) (1989). U.S.S.G. § 3E1.1(b), which provides for a three level reduction under certain limited circumstances, was not in effect when Evans was sentenced. He also claims he should not have received a two level enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b). The evidence indicates otherwise. A loaded .38 caliber revolver was recovered from his bedroom in a residence clearly used as part of a drug operation, and it was not "clearly improbable that the weapon was connected with the offense." *See* Application Note 3 to U.S.S.G. § 2D1.1.

For the reasons stated above, the petition is denied, and the Clerk of the Court is directed to close this case.

SO ORDERED.