**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                  No. 96-4568

TERRY W. TOLSON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-95-580)

Submitted: September 30, 1997

Decided: November 17, 1997

Before HALL and MURNAGHAN, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Timothy Clay Kulp, RIESEN LAW OFFICE, North Charleston,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
Matthew R. Hubbell, Assistant United States Attorney, Charleston,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Terry W. Tolson pled guilty to being a felon in possession of a firearm, 18 U.S.C.A. § 922(g)(1) (West Supp. 1997), and stipulated that he was responsible for twenty-one firearms and 9000 rounds of ammunition. Tolson received a sentence of thirty-three months imprisonment. He appeals his sentence, contending that the district court clearly erred in finding that he did not possess the firearms and ammunition solely for sporting purposes. See U.S. Sentencing Guidelines Manual, § 2K2.1(b)(2) (1995). The district court waited until two weeks after the sentencing hearing to determine, by order, that the reduction did not apply. Because we find that Tolson was erroneously sentenced in absentia, we vacate the sentence and remand for resentencing.

The district court decided, without objection from the parties, to deal with the issue in the same manner used at his brother's sentencing.[1] The court determined that the guideline range would be 1-7 months with the reduction under subsection (b)(2) and 30-37 months without the reduction. After hearing evidence on the issue, the court announced that, if the reduction applied, it would impose a sentence of seven months and, if the reduction did not apply, it would impose a sentence of thirty-three months. The court then adjourned the sentencing, indicating that it was willing to receive submissions from the parties on the unresolved issue. Two weeks later, by order, the district court denied the reduction.

Tolson did not object to the manner of sentencing in the district court or on appeal. Therefore, our review is for plain error under Fed. R. Crim. P. 52(b). See United States v. Olano , 507 U.S. 725, 732

_____

[1] Tolson's brother, a co-defendant in the three-count indictment, was sentenced just before Tolson by the same judge.

2

(1993) (error must be plain under current law, affect substantial rights, and seriously affect fairness, integrity, or public reputation of judicial proceedings). Federal Rule of Criminal Procedure 43(a) states that "[t]he defendant shall be present . . . at the imposition of sentence." The Supreme Court interpreted this language strictly in United States v. Behrens, 375 U.S. 162, 164-66 (1963), holding that it was error to reduce the orally imposed sentence outside the presence of the defendant, and affirming the appeals court's vacation of the sentence in that case. See also Hazelwood v. Arnold , 539 F.2d 1031, 1033 (4th Cir. 1976) (vacating sentence on collateral challenge where district court corrected orally imposed sentence by adding omitted special parole term outside defendant's presence).

In a case much like Tolson's, the District of Columbia Circuit found reversible error when the district court deferred ruling on whether the sentence should be concurrent or consecutive to the defendant's undischarged sentence and simply signed the judgment and commitment order imposing a consecutive sentence. See United States v. Lastra, 973 F.2d 952, 955-56 (D.C. Cir. 1992); see also United States v. Rodriguez, 23 F.3d 919, 920-21 (5th Cir. 1994) (vacating sentence imposed upon revocation of supervised release without a hearing on defendant's objections to magistrate's report and recommendation). Moreover, this court recently held that a sentence is "imposed" for purposes of Rule 35(c)[2] when it is orally pronounced during the sentencing hearing. See United States v. Layman, 116 F.3d 105, 108-09 (4th Cir. 1997). But see United States v. Agard, 77 F.3d 22, 24-25 (2d Cir. 1996) (finding that reduction of sentence one day after sentencing was error but did not require resentencing because defendant was neither disadvantaged nor prejudiced). In this case, the district court never orally imposed a sentence, and Tolson was not present when the district court made its final decision as to his sentence.

_____

[2] Fed. R. Crim. P. 35(c). The Rule permits a sentencing court to modify a sentence on remand from the court of appeals, or on motion by the government within one year of the imposition of sentence, or to correct arithmetical, technical, or other clear error within 7 days of the imposition of sentence.

3

Ordinarily, a defendant being sentenced for a felony may not waive his right to be present at sentencing. See United States v. Curtis, 523 F.2d 1134, 1135-36 (D.C. Cir. 1975) (distinguishing Behrens, upholding sentence on waiver of right to be present at second phase of sentencing because imposition of mandatory sentence was purely ministerial act). In Tolson's case, defense counsel did not object to the court's proposal to determine two potential guideline ranges and decide the sentence later. However, Tolson was neither advised that he had a right to be present when the actual sentence was determined nor asked whether he wished to waive that right.

In addition, Fed. R. Crim. P. 32(c) requires that the district court resolve any contested issues at the sentencing hearing and afford the defendant an opportunity to speak before imposing sentence. In Tolson's case, the court resolved the contested issue after the hearing. Tolson was given an opportunity to allocute, but at a time when he did not know what guideline range would be used in sentencing him. He chose to say nothing. It is possible that Tolson would not have kept silent had the contested issue already been decided against him. Being deprived of that opportunity prejudiced him.

We therefore vacate the sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

4