Ricardo Mesa BEDOYA, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 97 Civ. 4433(RWS).

United States District Court,
S.D. New York.

June 24, 1998.

Ricardo Mesa Bedoya, Petitioner pro se.

Mary Jo White, U.S. Atty. for the Southern District of New York, New York City, for Respondent, by Jennifer L. Borum, Asst. U.S. Atty., of counsel.

## OPINION

SWEET, District Judge.

*Pro se* petitioner Ricardo Mesa Bedoya ("Bedoya") has moved for reconsideration of this Court's opinion of January 29, 1998, which dismissed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.

For the reasons set forth below, Bedoya's motion to reconsider is denied.

### Facts and Prior Proceedings

The factual background and prior proceedings of this case are set forth in *Bedoya v. U.S.*, 11 F.Supp.2d 381 (S.D.N.Y.1998), familiarity with which is assumed. The facts and prior proceedings relevant to the instant motion are set forth below.

On March 17, 1982, this Court sentenced Bedoya to three years' imprisonment for Count One (conspiracy to distribute cocaine and to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846), and a five-year term of special parole for Count Two (distribution and possession with intent to distribute in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A)), to be served consecutively to the term of imprisonment imposed on Count One.

Bedoya filed a notice of appeal on March 23, 1982, and by order of January 31, 1983, the United States Court of Appeals for the Second Circuit affirmed the judgment.

Bedoya was paroled on August 17, 1983.

By Order dated April 8, 1986, this Court amended his sentence, suspending the sentence imposed on Count Two and imposing a five-year term of probation to run consecutively to the jail term imposed on Count One. Bedoya's supervision on this conviction was terminated on June 3, 1990.

Bedoya is currently in custody for a 151 month sentence imposed on May 7, 1990, following a jury trial before the Honorable John M. Cannella, 89 Cr. 803(JMC), for conspiracy to distribute and to possess with intent to distribute two kilograms of cocaine in or about October 1989, in violation of 21 U.S.C. § 846, and for the substantive offense of possessing two kilograms of cocaine with intent to distribute.

On June 17, 1997, Bedoya filed a habeas petition under 28 U.S.C. § 2255, challenging the constitutionality of his 1982 sentence.

Bedoya's petition was denied on January 28, 1998, upon a finding that Bedoya was properly sentenced to a term of special parole following three years' imprisonment and that Bedoya's assertion of ineffective assistance of counsel was factually deficient.

The instant motion for reconsideration was received on March 2, 1998, and deemed fully submitted on April 15, 1998.

### Discussion

Bedoya seeks reconsideration of his § 2255 motion on the grounds that this Court lacked jurisdiction to amend, alter, or change his sentence after March 17, 1982, the date the original sentence was imposed, and that the sentence correction violated his rights as it was made in his absence. Not only is Bedoya's instant motion untimely, but it fails on the merits.

### I. Bedoya's Motion to Reconsider Was Not Timely Filed

Federal Rules of Civil Procedure 59(e) requires that "[a] motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."[1] Rule 6 of the Federal Rules of Civil Procedure denies a district court discretion to extend the time within which a party may make a Rule 59(e) motion for reconsideration. *See* Rule 6(b); *Stirling v. Chemical Bank*, 511 F.2d 1030, 1032 (2d Cir.1975) ("[T]he 10–day period prescribed by Rule 59(e) ... cannot be enlarged.").

The instant motion to reconsider the January 29, 1998, opinion was made on March 2, 1998. Therefore, the 59(e) motion was untimely.

Bedoya, recognizing the untimeliness of his motion, urges that he could not meet the filing deadline because he had previously lacked funds for photocopies and postage, that he recently received funds from a tort claim, that he was ill, and that he is awaiting receipt of reading glasses. Although this does not suffice to pardon delay under Rule 59(e), the Second Circuit has advised that "a motion to reconsider a section 2255 ruling is

---

1. Additionally, Local Civil Rule 3(j) requires that "[a] notice of motion for reargument shall be served within ten (10) days after the docketing of the court's determination of the original motion."

... to be treated as a Rule 59(e) motion if filed within 10 days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter...." *United States v. Clark,* 984 F.2d 31, 32 (2d Cir.1993).

## II. Treatment as a Rule 60(b) Motion

■ Rule 60(b) establishes grounds on which a court in its discretion may relieve a party from final judgment or order. It provides, in relevant part: "On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment." Rule 60(b), Fed.R.Civ.P. The Second Circuit has instructed that Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir.1986).

Even accepting Bedoya's reconsideration motion as sufficient under Rule 60(b), it must be denied because it lacks merit.

### A. Correction of Sentence Pursuant to Fed.R.Crim.P. 35(a)

Bedoya contends that this Court lacked jurisdiction to amend his original sentence because it was a final judgment. If the offense had taken place today, absent a remand from the Second Circuit, Bedoya would be correct, but because the offense was committed prior to 1987, he is not.

■ Prior to November 1, 1987, a sentencing court could correct an illegal sentence at any time pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure. *See United States v. Lussier,* 104 F.3d 32, 37 (2d Cir.1997). With the Sentencing Reform Act, Congress amended Rule 35(a). At present, a district court is authorized, only upon remand, to "correct a sentence that is determined on appeal under 18 U.S.C. § 3742 to have been imposed in violation of law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable...." Fed.R.Crim.P. 35(a). Because Bedoya's offense occurred prior to 1987, however, Rule 35(a) as amended does not apply. Thus, under pre-amended Rule

35(a), this Court did not need a remand from the Second Circuit to correct the illegal sentence; it could do so "at any time."

Bedoya also asserts that jurisdiction was lacking because he had previously filed an appeal with the Second Circuit. As noted above, the pre–1987 rule permitted district courts to correct illegal sentences "at any time." Authority even existed to allow a correction while an appeal was pending. *See Doyle v. United States,* 721 F.2d 1195, 1198 (9th Cir.1983) (holding that trial court retains jurisdiction to correct sentence under Rule 35(a) while an appeal is pending). *But cf. United States v. Mack,* 466 F.2d 333, 340 (D.C.Cir.1972) (stating that once an appeal is filed, the district court is without authority to vacate the general sentence previously imposed). In this case no appeal was pending at the time Bedoya's sentence was corrected. Additionally, the expansive language of pre-amended Rule 35(a) does not negate the authority of a district court's correction of an illegal sentence after the conviction has been affirmed.

### B. Correction of Sentence in Bedoya's Absence

Bedoya further contends that his constitutional rights were violated because he was not present for the imposition of the corrected sentence in April 1986. However, his presence was not required.

■ It is well settled that "a defendant has a constitutional right to be present when he is sentenced." *United States v. DeMartino,* 112 F.3d 75, 78 (2d Cir.1997) (*citing United States v. Gagnon,* 470 U.S. 522, 525, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985) (*per curiam* )). Indeed, this is the fundamental principle underlying the rule that it is the oral sentence which controls if there is any discrepancy in the written judgment. *See id.* Thus, in *United States v. Agard,* 77 F.3d 22, 24–25 (2d Cir.1996), the Second Circuit held that a defendant also has a right to be present when his sentence is modified.

■ However, where the "entire sentencing package has not been set aside, a correction of an illegal sentence does not constitute a resentencing requiring the presence of the defendant, so long as the modification does not make the sentence more onerous."

384

*United States v. Pineda,* 988 F.2d 22, 23 (5th Cir.1993) (modification of sentence from 15 years plus a 10-year enhancement for prior convictions and 10 years' special parole to 15 years in defendant's absence) (*quoting United States v. Jackson,* 923 F.2d 1494, 1497 (11th Cir.1991)).

In *Rust v. United States,* 725 F.2d 1153, 1154 (8th Cir.1984), the Eighth Circuit held that "[u]nder Fed.R.Crim.P. 43, a defendant must be present only where the sentence is made more onerous, or the entire sentence is set aside and the cause remanded for resentencing." Similarly, in *Agard,* the Second Circuit allowed the modified sentence to stand despite the defendant's absence because the modified sentence was less severe than the one announced in the defendant's presence. *See Agard,* 77 F.3d at 24.

■ Because Bedoya's sentence was not made more onerous by the correction—in fact, he received the same term of imprisonment and the same term of supervision as previously imposed—and his absence did not disadvantage him, his presence was not required by law.

### Conclusion

For the reasons set forth above, Bedoya's motion to reconsider the denial of his habeas petition pursuant to 28 U.S.C. § 2255 is denied.

It is so ordered.