12-1540-cr
United States v. Ramirez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand thirteen.

PRESENT:  JOHN M. WALKER, JR.
GERARD E. LYNCH,
SUSAN L. CARNEY,

*Circuit Judges.*

_____

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                                No. 12-1540-cr

ANTHONY RAMIREZ, also known as Fat Tony,
*Defendant-Appellant*,


RENEE RAMIREZ, PABLO COLON, also known as Pablito, CELESTINO CARASQUILLO, EDWARD MORALES, ELIMELECK FOSTER, ORRETT EWEN,
*Defendants*.

_____


FOR APPELLANT:          YUANCHUNG LEE, Federal Defenders of New York, Inc., New York, New York.

FOR APPELLEE:            TIMOTHY D. SINI Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, of counsel), *for* Preet Bharara, United States Attorney for the Southern District of New York.

Appeal from the United States District Court for the Southern District of New York (Robert W. Sweet, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments of the district court are AFFIRMED.

Defendant-appellant Anthony Ramirez appeals from orders entered on January 3, 2012, and March 7, 2012, in the United States District Court for the Southern District of New York, denying Ramirez's motions (1) for a writ of error *coram nobis* or *audita querela* and (2) for reconsideration of the District Court's prior order denying either writ. In those motions, Ramirez, who was then *pro se*, argued that the sentence he had received in 2000 following his guilty plea to five counts of conspiracy to commit murder, conspiracy to distribute heroin, and other narcotics offenses was illegal because (1) the court had imposed a 48-year sentence on counts of conviction for which the maximum penalty was less than 48 years' imprisonment, and (2) the court had failed to impose a separate sentence on each count of conviction. On appeal, Ramirez, now represented by counsel, formulates his argument somewhat differently, contending that the district court violated his right under the Constitution and Rule 43 of the Federal Rules of Criminal Procedure to be present at his own sentencing. We assume the parties' familiarity with the remaining facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

2

(1)

The writ of error *coram nobis*[1] is an ancient common law remedy that is available in criminal cases today under the All Writs Act, 28 U.S.C. §1651(a).  See, e.g., Fleming v. United States, 146 F.3d 88, 89 (2d Cir. 1998).  Although its "precise contours . . . have not been well defined," United States v. Denedo, 556 U.S. 904, 910 (2009) (internal quotation marks omitted), the writ of error *coram nobis* is an "extraordinary remedy . . . generally sought to review a criminal conviction where a motion under 28 U.S.C. § 2255 is unavailable because petitioner is no longer serving a sentence."  Porcelli v. United States, 404 F.3d 157, 158 (2d Cir. 2005) (quotation marks omitted).  Thus, we have held, that in order to obtain *coram nobis* relief, a petitioner must demonstrate that:

> 1) there are circumstances compelling such action to achieve justice; 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ.

Foont v. United States, 93 F.3d 76, 79 (2d Cir. 1996) (internal citations, quotation marks, and alterations omitted).  We assume, without deciding, that the fact that Ramirez is still serving his custodial sentence does not preclude him from seeking relief by way of *coram nobis*.[2]

---

[1] Ramirez has abandoned his pursuit of the writ of *audita querela*, recognizing that such a writ is unavailable in his situation.  See United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007).

[2] See, e.g., Denedo, 556 U.S. at 911 (holding that *coram nobis* may not issue "when alternative remedies, such as habeas corpus are available.");  Porcelli, 404 F.3d at 158 (noting that *coram nobis* is "*generally* sought to review a criminal conviction," when the petitioner

We review *de novo* "the standards that a District Court applies in considering the writ of error *coram nobis* and review for abuse of discretion a District Court's final decision to deny the writ." Porcelli, 404 F.3d at 158 (2d Cir. 2005).

(2)

Ramirez argues on appeal that the district court deprived him of his right to be present at his sentencing. See, e.g., Fed. R. Crim. P. 43(a)(3) (defendant must be present at sentencing); United States v. Agard, 77 F.3d 22, 24-25 (2d Cir. 1996) (recognizing constitutional right to be present when sentence is imposed). However, Ramirez was, in fact, present for his sentencing proceeding. His real objection is that during that proceeding, after hearing from counsel for both sides and from the defendant personally, the district court failed to recite the sentence it was imposing, but instead merely stated that it was imposing the sentence outlined in a written sentencing opinion issued several days earlier.

Although we have endorsed the "commendable practice of issuing an indication of a likely sentence in advance of a sentencing hearing," United States v. Labbe, 588 F.3d 139, 140 (2d Cir. 2009), it does not follow that a judge may impose sentence on a defendant simply by incorporating by reference the sentence it had earlier stated it was likely to impose. The formal sentencing ritual – in which the judge personally confronts

---

is no longer in custody (emphasis added)). Cf. United States v. Mandanici, 205 F.3d 519, 524 (2d Cir. 2000) ("A writ of error *coram nobis* is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction." (internal quotation marks omitted)).

4

the defendant and imposes a sentence in open court – conveys an important message to the defendant, not only by delivering society's judgment of guilt and punishment, but also by recognizing the defendant's dignity as an individual entitled to a personal judgment. Moreover, the public itself "has an independent interest in requiring a [formal] public sentencing in order to assure the appearance of justice and to provide a ceremonial ritual at which society pronounces its judgment." Agard, 77 F.3d at 24. For these reasons, "[i]t is the oral sentence which constitutes the judgment of the court" and that controls in the event of a conflict between the oral pronouncement and the later written judgment order. United States v. Marquez, 506 F.2d 620, 622 (2d Cir. 1974).

We therefore assume that it was error for the district court not to recite its sentence in open court. It does not follow, however, that Ramirez is entitled to relief by way of *coram nobis*. Neither Ramirez nor his attorney expressed any contemporaneous objection to the sentencing procedure, nor did Ramirez appeal from the sentence imposed, or otherwise seek relief for more than a decade. At no time did he claim, nor does he claim now, that he was not aware of the sentence that the judge meant to impose by stating, in his presence, that the sentence was the one that the district court had indicated in the written sentencing opinion.[3] Under these circumstances, at least two of the three

---

[3] Ramirez correctly notes that nothing in the sentencing transcript reflects any statement by Ramirez that he had read the sentencing opinion or had it read to him. He does not, however, represent that he had not read it or that he did not understand the sentence being imposed. Nor is there any basis for a claim of surprise: the sentence imposed was not only that stated in the written opinion of the court, but it was also precisely the sentence that Ramirez himself had stipulated to in a plea agreement.

5

conditions required for issuing a writ of error *coram nobis* are lacking: Ramirez has not articulated "sound reasons . . . for [his] failure to seek appropriate earlier relief," Foont, 93 F.3d at 79 (quotation marks omitted), since he had every opportunity to object at the time but did not, and he failed for more than ten years to see relief from the sentence. Nor has he shown that "there are circumstances compelling [the grant of the writ] to achieve justice," id. (quotation marks omitted), since he received precisely the sentence that he bargained for, anticipated, and understood at the time it was being imposed. We therefore cannot conclude that the district court abused its discretion in denying the writ.

Finally, we note that Ramirez has apparently abandoned the contentions, advanced below, that his sentence exceeded the authorized maximum and that the court erred by not imposing a separate sentence on each count. In any event, neither argument warrants a grant of the extraordinary writ. The 48-year sentence was authorized because Ramirez pled to two counts of conspiracy to commit murder in aid of racketeering, each carrying a maximum sentence of ten years, 18 U.S.C. § 1959(a)(5); one count of conspiracy to distribute heroin, carrying a maximum sentence of twenty years, 21 U.S.C. §§ 841(b)(1)(C) and 846, and two counts of using a communications facility in connection with a narcotics offense, each carrying a maximum sentence of four years, 21 U.S.C. § 843(d)(1). As the plea agreement signed by Ramirez expressly recognized, the total maximum sentence authorized for all five counts, running consecutively, is 48 years. Moreover, the plea agreement stipulated that because the (then-mandatory) sentencing guideline range was life imprisonment, the guidelines required a sentence of 48 years, to

6

be effectuated by imposing consecutive maximum sentences on each count.[4] While the written judgment in the case does indeed, as Ramirez points out, impose an undifferentiated sentence of 48 years, the written sentencing opinion – which the judge incorporated by reference in his oral pronouncement in Ramirez's presence at the sentencing proceeding – explicitly spells out the sentence, count by count, that was imposed.

On this record, there is no basis for concluding that Ramirez's substantial rights have been violated in a manner that entitles him to the issuance of an extraordinary writ. See United States v. Marcus, 130 S.Ct. 2159, 2164 (2010).

We have considered all of Ramirez's remaining arguments and find them to be without merit.

For the foregoing reasons the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[4] See United States v. McLean, 287 F.3d 127, 137 (2d Cir. 2002) ("[I]n the case of multiple counts of conviction, [section 5G1.2(d) of] the sentencing guidelines instruct[s] that if the total punishment mandated by the guidelines exceeds the statutory maximum of the most serious offense of conviction, the district court *must* impose consecutive terms of imprisonment to the extent necessary to achieve the total punishment." (internal quotation marks and citation omitted) (second and third alternation and emphasis in original)).