NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0246n.06

No. 23-5230

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Jun 06, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| JALEN RASHAD PASLEY, | ) ) | |
| Defendant-Appellant. | ) ) | OPINION |
|  | ) | |

Before: CLAY, THAPAR, and MATHIS, Circuit Judges.

**CLAY, Circuit Judge.** Defendant Jalen Pasley appeals his sentence of 180 months' imprisonment and 10 years' supervised release. Pasley's sentence arose from his conviction for conspiracy to distribute 500 grams or more of a methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1), 846, 851. On appeal, Pasley argues that the district court failed to orally pronounce and explain three conditions of his supervised release at sentencing, in violation of the Due Process Clause of the Fifth Amendment. For the reasons set forth below, we **AFFIRM** Pasley's sentence.

## I. BACKGROUND

From November 2021 to January 2022, Defendant Jalen Pasley procured methamphetamine and supplied it to dealers in the vicinity of Laurel County, Kentucky. According to an informant, Pasley would deliver approximately two pounds of methamphetamine to the informant every two to three days. On January 26, 2022, Pasley agreed to make just such a

delivery to the informant. He planned to deliver the methamphetamine to the informant in the early hours of January 27, 2022, at approximately 12:30 a.m.

In the late evening of January 26, 2022, officers performed a traffic stop of Pasley's vehicle, from which Pasley fled. After Pasley ultimately surrendered, officers searched Pasley's vehicle and discovered a handgun and two bags of pills. Officers then found two bags of methamphetamine, totaling about two pounds (907.2 grams), on the route Pasley had taken to flee from the traffic stop.

On February 24, 2022, a grand jury returned a three-count indictment against Pasley. The indictment charged Pasley with conspiracy to distribute 500 or more grams of a methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count 1); possession with intent to distribute 500 or more grams of a methamphetamine mixture, in violation of 21 U.S.C. § 841(a)(1) (Count 2); and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3). Pasley pled guilty to Count 1, after which the government successfully moved to dismiss the remaining counts.

Pasley's presentence report recommended a total offense level of 31 and a criminal history category of IV, corresponding to a Guidelines range of 151 to 188 months' imprisonment. However, because Count 1 carried a mandatory minimum sentence of 15 years (180 months), *see* 21 U.S.C. § 841(b)(1)(A)(viii), the presentence report suggested a revised Guidelines range of 180 to 188 months' imprisonment. The presentence report also stated that Count 1 carried a statutorily mandated supervised release term of 10 years. *See id.*

At sentencing, the district court sentenced Pasley to 180 months' imprisonment and 10 years' supervised release. The district court then went over Pasley's supervised release conditions. It first identified a number of supervised release conditions "mandated by Congress," such as the

requirement that Pasley not commit any crime or use any illegal drugs while on supervised release. Tr. Sentencing Hr'g, R. 119, Page ID #434–35. As relevant to this appeal, it then followed up with "some added rules [it was] going to apply," which it stated were "the minimum [it] c[ould] impose." *Id.* at Page ID #436. The district court explained that those minimum conditions "include [the] following," proceeding to list a series of additional terms of supervised release. *Id.* at Page ID #436–38.

Thereafter, the district court entered judgment, which reflected Pasley's sentence of 180 months' imprisonment and 10 years' supervised release. The written judgment also set out conditions for Pasley's supervised release. After the district court entered judgment, Pasley appealed.

## II. DISCUSSION

On appeal, Pasley argues that the district court did not orally sentence him to three conditions that his written judgment imposed as "Standard Conditions of Supervision":

> 11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
>
> 12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
>
> 13. You must follow the instructions of the probation officer related to the conditions of supervision.

Judgment, R. 99, Page ID #264. He contends that the district court's failure to orally sentence him to these conditions and to individually assess each of the three conditions deprived him of his right to be present for his sentencing and thereby violated his rights under the Fifth Amendment's Due Process Clause, *see* U.S. Const. amend. V.

As an initial matter, the parties dispute the standard of review applicable to this case. The government argues that plain error review applies because Pasley never objected to his supervised release conditions at sentencing. Pasley, on the other hand, argues that *de novo* review applies because he was never given an opportunity to object to any supervised released conditions that were not read out at sentencing. *United States v. Carpenter*, 702 F.3d 882, 884 (6th Cir. 2012) (stating that *de novo* review applies to alleged constitutional errors when the defendant was not given the opportunity to object below). We need not decide what standard of review applies because Pasley's challenge to his sentence fails in either case.

A defendant has a constitutional right to be present at his sentencing. *See United States v. Hayden*, No. 23-5571, 2024 WL 2270147, at *2 (6th Cir. May 20, 2024) (published case); *cf.* Fed. R. Crim. P. 43(a)(3) (establishing, as a matter of the Federal Rules of Criminal Procedure, that the defendant must be present at sentencing). That right stems from the Due Process Clause, which guarantees a criminal defendant's presence "at any stage of the criminal proceeding that is critical to its outcome." *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987). Sentencing, which bears in the most fundamental of ways on a defendant's life and liberty, is undoubtedly such a stage. *See United States v. Geddes*, 71 F.4th 1206, 1214 (10th Cir. 2023).

The right to be present at sentencing encompasses a right to have one's sentence orally pronounced. *See Hayden*, 2024 WL 2270147, at *2. After all, a defendant's presence at sentencing would mean next to nothing if the defendant's sentence need not actually be stated then and there. *See United States v. Diggles*, 957 F.3d 551, 556 (5th Cir. 2020) (en banc). But although a defendant is entitled to an oral sentence, that right is not absolute. A defendant's presence at sentencing, and the corollary right to an oral sentence, is guaranteed insofar as the defendant's presence "would contribute to the fairness of the procedure." *See Stincer*, 482 U.S. at 745; *see*

*also United States v. Gagnon*, 470 U.S. 522, 526 (1985) (per curiam) (stating that a defendant's presence at sentencing "is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence" (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 105–06 (1934))).

Pasley brings a due process challenge to one aspect of his sentence:  the district court's supposed failure to orally pronounce and individually explain several supervised release conditions that were ultimately imposed by his written judgment.  Recently, in *United States v. Hayden*, we considered how a defendant's due process rights bear on a district court's obligation to orally pronounce and explain supervised release conditions.  2024 WL 2270147, at *1.  In *Hayden*, we drew a distinction between mandatory supervised release conditions, meaning those required by statute, and discretionary conditions, including all other conditions such as standard and special supervised release conditions.  *See id.* at *3.  We concluded that a district court need not orally pronounce mandatory conditions at sentencing.  *Id.* at *4.  Because a court has no discretion to depart from mandatory conditions, and a defendant's objections are therefore futile, the defendant's presence at sentencing does not "contribute to the fairness of the procedure."  *See Stincer*, 482 U.S. at 745; *accord United States v. Montoya*, 82 F.4th 640, 649–50 (9th Cir. 2023) (en banc).

With respect to discretionary conditions, our holding in *Hayden* differed.  Unlike for mandatory conditions, we concluded that "the district court must alert defendants orally at sentencing that it is imposing [discretionary conditions]."  *Hayden*, 2024 WL 2270147, at *5. Nonetheless, for standard discretionary conditions, meaning supervised release conditions recommended for all defendants, we held that a district court need not read out and explain each standard condition from the bench.  *Id*.  Such a "word-for-word recitation of each condition . . . may result in a 'robotic delivery' that has all the impact of the laundry list of warnings read during

pharmaceutical ads." *Diggles*, 957 F.3d at 562. Instead, orally "incorporat[ing] the standard conditions by reference to language contained in a publicly available districtwide order," the defendant's presentence report, or a similar document of which the defendant has notice satisfies the defendant's due process right to an oral sentence. *Hayden*, 2024 WL 2270147, at *3. By contrast, for special discretionary conditions, those not recommended across the board, "a district court must always orally pronounce [each of] them and explain its basis for imposing them," at least insofar as the special conditions were not made previously available to the defendant. *Id.*

The government argues that the district court did orally sentence Pasley to two of the three supervised release conditions with which Pasley takes issue: the obligation to comply with a probation officer's instruction to notify a person to whom the defendant poses a risk (Standard Condition 12 of Pasley's written judgment) and the general obligation to follow the probation officer's instructions with respect to supervised release (Standard Condition 13). The government concedes that the third condition at issue, Standard Condition 11, was not read out at sentencing. Still, we need not decide whether the district court specifically read out Conditions 12 and 13 because, even if it did not, the district court did not violate Pasley's due process rights.

The three conditions Pasley challenges are all standard discretionary conditions. They are each listed in the Eastern District of Kentucky's districtwide "Order Re: Standard Conditions of Supervision," which lists supervised release conditions to be applied to all criminal defendants. *See* Gen. Order No. 22-08 (E.D. Ky. Aug. 15, 2022), https://www.kyed.uscourts .gov/sites/kyed/files/gen22-8.pdf. We dealt with this exact Eastern District of Kentucky order in *Hayden* and already observed that the conditions therein were standard discretionary conditions given that they were to be applied to defendants across the board. *See Hayden*, 2024 WL 2270147, at *4–5.

To comply with Pasley's due process right to an oral sentence, the district court was therefore required to alert Pasley that it was imposing the standard conditions, but was not required to state each standard condition or to carry out an individualized assessment with respect to the standard conditions. *Id.* at \*5. Instead, the district court was permitted to orally "incorporat[e] the standard conditions by reference to language contained in a publicly available districtwide order," among other documents. *Id.* at \*3.

In *Hayden*, the district court's statement that Hayden must "comply with the mandatory and the standard conditions that have been adopted by the Court" was sufficient to incorporate the standard conditions by reference. *See* Tr. Revocation Hr'g at Page ID #267–68, *United States v. Hayden*, No. 5:06-cr-00187 (E.D. Ky. Sept. 6, 2023), ECF No. 83. The district court satisfied this requirement in this case too. After it explained that there were certain supervised release conditions mandated by Congress, it stated that there were some additional conditions that were "the minimum [it] can impose." Tr. Sentencing Hr'g, R. 119, Page ID #436. It then stated that those minimum conditions "include[d]" the following, proceeding to list in order twelve of the fourteen conditions appearing in the districtwide "Order Re: Standard Conditions of Supervision," *see* Gen. Order No. 22-08 (E.D. Ky. Aug. 15, 2022), https://www.kyed.uscourts .gov /sites/kyed/files/gen22-8.pdf/. Tr. Sentencing Hr'g, R. 119, Page ID #436–38.

This exceeded the degree of explanation in *Hayden* and satisfied the district court's burden. Although it would have benefited the district court to say the words "standard conditions," the district court explained that there were additional conditions it had to impose and provided an inclusive list of those conditions that clearly tracked condition-by-condition the Eastern District of Kentucky's order regarding standard conditions. This inclusive list would have apprised Pasley and his counsel that the district court was referring to the standard conditions, which were publicly

available online via the districtwide order. *See Hayden*, 2024 WL 2270147, at *4. Given that Pasley was represented by counsel, the district court's inclusive list of most of the standard conditions incorporated the standard conditions by reference and "provided [Pasley with] adequate notice to either object to the standard conditions or to ask the district court to clarify which conditions it imposed upon him." *Id.* at *5.

The district court therefore complied with Pasley's due process right to an oral sentence. Nothing in this opinion, however, should be read to encourage sentencing courts to pare down their oral sentences to the bare minimum. An oral sentence serves the important purposes of publicly delivering the defendant's punishment and respecting the defendant's interest in being sentenced face-to-face by a judge. *See United States v. Lastra*, 973 F.2d 952, 955 (D.C. Cir. 1992); *United States v. Booker*, 994 F.3d 591, 600 (6th Cir. 2021). An abbreviated oral sentence would do a disservice to the sentencing procedure.

### III. CONCLUSION

For the reasons set forth above, we **AFFIRM** Pasley's sentence.