**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 7 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| In re: YAN SUI, | No. 13-55956 |
| Debtor, | D.C. No. 8:13-cv-00519-MWF |
| RICHARD ALAN MARSHACK, | MEMORANDUM* |
| Plaintiff - Appellee, | |
| v. | |
| PEI-YU YANG, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted June 25, 2014**

Before:    HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Pei-Yu Yang appeals pro se from the district court's judgment in an

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

adversary proceeding brought by the bankruptcy trustee Richard Alan Marshack alleging that debtor Yan Sui fraudulently transferred his interest in real property to Yang. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo, *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007), and we affirm.

The district court properly granted summary adjudication on the trustee's fraudulent transfer claims under California Civil Code §§ 3439.04 and 3439.05 because Yang admitted that Sui transferred his interest in the real property to her without receiving anything in exchange for the transfer and did so with the intent to hinder, delay or defraud his creditors, and because Yang did not bring a motion to withdraw her admissions under Federal Rule of Civil Procedure 36(b). *See* Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."); *Conlon*, 474 F.3d at 621 ("Unanswered requests for admissions may be relied on as the basis for granting summary judgment."); *see also* Fed. R. Bankr. P. 7036 (applying Federal Rule of Civil Procedure 36 in bankruptcy adversary proceedings).

Yang's contentions that the requests for admissions were defective and invalid, that the trustee's complaint was invalid and untimely, and that the bankruptcy court lacks jurisdiction over the adversary proceeding are

unpersuasive.

We deny all pending motions and requests, including Sui's motion to intervene, filed on February 18, 2014.

**AFFIRMED.**