FILED

JUN 06 2016

NOT FOR PUBLICATION

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No.   CC-15-1336-TaLKi |
| | ) | |
| YAN SUI, | ) | Bk. No.   8:11-bk-20448-CB |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| YAN SUI, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| RICHARD A. MARSHACK, | ) | |
| Chapter 7 Trustee, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Argued and Submitted on May 19, 2016
at Pasadena, California

Filed – June 6, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Catherine E. Bauer, Bankruptcy Judge, Presiding

Appearances:   Appellant Yan Sui argued pro se; Chad V. Haes of Marshack Hays LLP argued for appellee.

Before:   TAYLOR, LANDIS,[**] and KIRSCHER, Bankruptcy Judges.

---

[*]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

[**]   The Honorable August B. Landis, United States Bankruptcy Judge for the District of Nevada, sitting by designation.

**INTRODUCTION**

Yan Sui appeals from an order sustaining the chapter 7[1] trustee's objection to his claimed homestead exemption.

We AFFIRM the bankruptcy court.

**FACTS[2]**

Prepetition, the Debtor transferred his interest in real property located in Costa Mesa, California (the "Property") to Pei-Yu Yang.[3] The Debtor neither listed nor claimed an exemption in the Property on his bankruptcy schedules.

The Trustee promptly commenced an adversary proceeding and obtained an order (the "Avoidance Order") that, among other things, avoided the transfer as a fraudulent conveyance and authorized the Trustee to recover and administer the estate's interest in the Property for the benefit of creditors. The

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[2] The Debtor filed three requests for judicial notice. After the first request was filed, a BAP motions panel waived the required filing of excerpts of record and deferred the request for judicial notice to the merits panel.
Having reviewed the documents, we note that many are documents required by Rule 8009(a)(4) as part of the record on appeal. Thus, judicial notice of those documents is appropriate. We, however, do not take judicial notice of documents unrelated to the issue on appeal; namely, transcripts of oral arguments before this Panel in other appeals or the Trustee's answering brief in an appeal pending before the Ninth Circuit.

[3] Yang is either his wife, his ex-wife, or his domestic partner.

Avoidance Order is now final.[4]

The Debtor subsequently filed an amended schedule C and claimed an exemption in the Property pursuant to § 522(b) and an attached "Declaration of Homestead (Spouses as Declared Owners)." The Trustee timely objected to the newly claimed homestead exemption based on § 522(g)(1) and Glass v. Hitt (In re Glass), 164 B.R. 759 (9th Cir. BAP 1994), aff'd, 60 F.3d 565 (9th Cir. 1995). He requested that the bankruptcy court sustain his objection to the Debtor's homestead exemption claim with prejudice and that it deny the Debtor an exemption in any portion of the Property sale proceeds.

In response, the Debtor asserted that he was claiming the exemption so as to protect his interest in the proceeds from the sale of the Property; in effect, he sought to collaterally attack the Avoidance Order.

At the hearing, only the Trustee appeared. The bankruptcy court agreed that the factual circumstances satisfied the requirements for exemption denial under § 522(g)(1) and sustained the Trustee's objection. After it entered an order so providing (the "Exemption Order"), the Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

---

[4] After Yang appealed from the Avoidance Order, the Ninth Circuit affirmed. Marshack v. Yang (In re Sui), 582 F. App'x 740 (9th Cir. June 14, 2014), cert. denied sub nom. Yang v. Marshack, 135 S. Ct. 869 (2014).

3

**ISSUE**

Whether the bankruptcy court erred in sustaining the Trustee's objection and denying the Debtor's claimed homestead exemption.

**STANDARDS OF REVIEW**

We review de novo the bankruptcy court's denial of the Debtor's exemption claim. Elliot v. Weil (In re Elliot), 544 B.R. 421, 430 (9th Cir. BAP 2016). Factual findings underlying the bankruptcy court's legal conclusions are reviewed for clear error. Id. A factual finding is clearly erroneous if illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011) (citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

**DISCUSSION**

On appeal, the Debtor largely advances arguments that are irrelevant or beyond the scope of this appeal. To be clear, the only issue before the Panel is whether the bankruptcy court erred in denying the Debtor's claimed homestead exemption. Thus, we ignore the Debtor's arguments related to the avoidance action; contrary to the Debtor's arguments, the Avoidance Order is now final, and it conclusively established that he fraudulently transferred the Property to Yang, avoided the transfer pursuant to § 544 and California Civil Code § 3439, and recovered the Property for the estate pursuant to § 550.

Instead, we focus on § 522(g)(1). This statute allows a debtor to exempt property recovered by the trustee under § 550

4

but only to the extent that the debtor could have exempted such property under § 522(b) prior to transfer and "as long as the transfer was involuntary and the property was not concealed by the debtor." In re Elliott, 544 B.R. at 432 (internal quotation marks and citation omitted). We have no difficulty concluding that the bankruptcy court appropriately decided that § 522(g)(1) barred the Debtor's belated attempt to exempt the Property.

The bankruptcy court first found[5] correctly that the Debtor voluntarily transferred his interest in the Property. The Avoidance Order conclusively established that the Debtor transferred the Property to Yang with the intent to hinder, delay, or defraud a creditor. Indeed, even on appeal, the Debtor readily acknowledges that he executed the quitclaim deed in 2009 conveying his interest in the Property to Yang.

The bankruptcy court then found that the Debtor failed to disclose an ownership interest in the Property on his bankruptcy schedules. Implicitly, it determined that the failure to schedule the Property constituted concealment. Given the state of the schedules and the absence of any contrary evidence regarding concealment, this finding was not clearly erroneous.

In sum, the Debtor was not entitled to claim a homestead exemption after the Trustee recovered the Property because he voluntarily transferred it prepetition and then concealed the Property once he filed his bankruptcy case. Section 522(g)(1), thus, barred his claimed exemption, and the bankruptcy court

---

[5] The bankruptcy court evidently adopted the Trustee's proposed factual findings, as set forth in his objection and on the record at the hearing.

correctly sustained the Trustee's objection.[6]

None of the Debtor's arguments to the contrary have merit.

First, the bankruptcy court was not required to identify the recipient of the sale proceeds in the Exemption Order. Such a determination is neither relevant nor necessary to a § 522(g)(1) determination, and the lack of this information did not render the Exemption Order vague, unenforceable, or void.

Second, the arguments referencing §§ 326 and 330 are totally irrelevant because the Trustee did not recover any professional fees or the claimed exemption for himself or his counsel through the Exemption Order. Such a recovery is unnecessary in connection with a § 522(g)(1) denial of exemption.

Third, the Exemption Order does not contravene Elliot v. Weil (In re Elliott), 523 B.R. 188 (9th Cir. BAP 2014) or Law v. Siegel, 134 S.Ct. 1188 (2014). Law makes clear that it is inappropriate to disallow a debtor's claimed homestead exemption based solely on bad faith conduct and § 105(a). Elliot echoes this holding. Neither case, however, completely extinguished the bankruptcy court's ability to deny a debtor's claimed exemption; instead, they clarified that an express statutory basis for denial must exist under either the Bankruptcy Code or state law. Here, that statutory basis was § 522(g)(1), and the

---

[6] Thus, the Trustee's reliance on In re Glass was unnecessary. In Glass, the Ninth Circuit held that a trustee could "recover" property for the purposes of § 522(g) without actually initiating or completing a formal avoidance proceeding. 60 F.3d at 570. Here, however, the Trustee actually recovered the Property pursuant to § 550 through the Avoidance Order.

6

Debtor's claimed homestead exemption was not surcharged for bad faith, as the Trustee correctly points out.

Fourth, the Debtor's continuous occupation of the Property prior to his eventual eviction was irrelevant to the bankruptcy court's decision to deny the claimed exemption under § 522(g)(1). The bankruptcy court correctly focused on the voluntary transfer and the concealment of the Property as the bases for exemption denial.

Fifth, the Debtor's due process rights were not violated. Due process requires "notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 272 (2010) (quoting Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950)). Here, the Debtor does not contend that he lacked notice of the Trustee's objection; indeed, he responded to the objection. Instead, the Debtor argues that the violation resulted from the bankruptcy judge's failure to recuse herself from the matter. The Debtor, however, failed to file a recusal motion prior to entry of the Exemption Order. And, in any event, the record fails to support that recusal was appropriate and, in particular, that due process required recusal.

Finally, the Trustee's objection to exemption did not violate the Debtor's § 524 discharge injunction. This argument is raised for the first time on appeal and has become a familiar refrain of the Debtor's. See Sui v. Marshack (In re Sui), 2016 WL 1453054, at *3 (9th Cir. BAP Apr. 11, 2016). A debtor's

7

discharge injunction does not preclude his trustee from objecting to an amended exemption claim. Rule 4003(b)(2), in fact, authorizes a trustee up to one year after the closing of the bankruptcy case to object to a fraudulently asserted exemption claim. Here, the Trustee's objection arose in direct response to the Debtor's amended schedule C filing. The Debtor is not entitled to continue filing documents in the bankruptcy case but then to plead the discharge injunction as a defense to any response. Ultimately, the Debtor's argument lacks merit because the Trustee acted as expressly allowed by the Bankruptcy Code and Rule 4003.

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court.