FILED

JUN 6 2016

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   CC-15-1352-TaLKi |
| YAN SUI, ) | Bk. No.   8:11-bk-20448-CB |
| Debtor. ) | Adv. No.  8:13-ap-01246-CB |
| YAN SUI; PEI-YU YANG, ) | |
| Appellants, ) | |
| v. ) | **MEMORANDUM**[*] |
| RICHARD A. MARSHACK, CHAPTER ) 7 TRUSTEE, ) | |
| Appellee. ) | |

Submitted Without Oral Argument[**] on May 19, 2016

Filed – June 6, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Catherine E. Bauer, Bankruptcy Judge, Presiding

Appearances:   Yan Sui and Pei-Yu Yang, pro se, on brief; David
Edward Hays and Chad V. Haes of Marshack Hays LLP
on brief for appellee.

---

[*]  This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

[**]  The Panel unanimously determined that the appeal was suitable for submission on the briefs and the record pursuant to Rule 8019(b)(3).

Before:   TAYLOR, LANDIS,*** and KIRSCHER, Bankruptcy Judges.

**INTRODUCTION**

Yan Sui and Pei-Yu Yang (jointly, the "Appellants") appeal from a bankruptcy court order finding them in civil contempt pursuant to § 105(a)[1] and imposing sanctions against them. We AFFIRM in part, REVERSE in part, VACATE the order, and REMAND to the bankruptcy court for further proceedings consistent with this decision.

**FACTS[2]**

Prepetition, chapter 7 debtor Yan Sui transferred his interest in real property located in Costa Mesa, California (the "Property") to Pei-Yu Yang. Although the record is not clear, it appears that Yang was the Debtor's wife, ex-wife, or domestic partner.

---

*** The Honorable August B. Landis, United States Bankruptcy Judge for the District of Nevada, sitting by designation.

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[2] Appellants filed three requests for judicial notice. After the first request was filed, a BAP motions panel deferred the request for judicial notice to the merits panel.
    Having reviewed the documents, we determine that many are documents required by Rule 8009(a)(4) as part of the record on appeal. Thus, judicial notice of those documents is appropriate.
    To the extent that pertinent documents are not available in the Trustee's excerpts of record or Appellants' documents, we exercise our discretion to take judicial notice of documents electronically filed in the several case dockets. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

2

The Trustee promptly commenced an adversary proceeding solely against Yang and successfully obtained an order (the "Avoidance Order") avoiding the transfer as a fraudulent conveyance pursuant to § 544 and California Civil Code § 3439. The Avoidance Order is now final.[3]

The Trustee then commenced a second adversary proceeding solely against Yang seeking to compel turnover, to allow a § 363 sale, and to surcharge Yang's interest in the Property (the "Property Administration Proceeding"). The Trustee again prevailed and obtained a default judgment. The resulting order (the "Default Order") required immediate turnover of the Property by Yang and authorized the Trustee to sell the Property, including any interest held by Yang, free and clear of all interests.[4] Appellants were subsequently evicted from the Property pursuant to a writ of assistance issued by the bankruptcy court.

Appellants then undertook a vigorous campaign to stymie the Trustee's efforts to market and sell the Property. First, they commenced an action in federal district court against the Trustee, his law firm, attorneys at his law firm, his special litigation counsel, the bankruptcy judge, the real estate

---

[3] After Yang appealed from the Avoidance Order, the Ninth Circuit affirmed. See Marshack v. Yang (In re Sui), 582 F. App'x 740 (9th Cir. June 14, 2014), cert. denied sub nom. Yang v. Marshack, 135 S. Ct. 869 (2014).

[4] Yang appealed from the Default Order, but the Panel dismissed this appeal as moot. See BAP No. 14-1498 Dkt. No. 33. An appeal from this dismissal order is pending before the Ninth Circuit. See 9th Cir. No. 15-60066.

3

company, and the real estate agent, among others; the complaint asserted 26 claims for relief. The district court action was subsequently dismissed.[5]

Second, Appellants leveled a harassment and smear campaign against the estate's real estate professionals and the real estate company charged with marketing and selling the Property. This included a barrage of electronic messages sent to real estate agents via various online real estate platforms. The messages claimed that Appellants owned the Property and threatened to add agents for buyers and any prospective buyers to the district court action. Apparently, Appellants also filed complaints against the estate's real estate professionals with the California Commission of Real Estate, based on their purported failure to disclose to potential buyers that the Property was subject to litigation. And the Debtor posted several negative reviews against the estate's real estate agent and real estate company on Yelp.

In spite of Appellants' efforts to derail any sale, the Trustee obtained an order (the "Sale Order") approving a sale of the Property free and clear of all liens, claims, and interests pursuant to § 363(b) and (m).[6]

Understandably frustrated with Appellants' antics, the

---

[5] See 8:15-cv-00059-JAK-AJW (C.D. Cal.) Dkt. No. 50. Appellants appealed the dismissal to the Ninth Circuit, where it remains pending. See 9th Cir. No. 15-56130.

[6] The Debtor appealed from the Sale Order, which the Panel dismissed as moot. See BAP No. 15-1200 Dkt. No. 16. An appeal of the dismissal order is currently pending before the Ninth Circuit. See 9th Cir. No. 15-60065.

4

Trustee moved for an order to show cause ("OSC") requiring Appellants to explain why they should not be held in civil contempt for their actions. He asserted that Appellants had violated the Default Order by filing the district court action, representing in numerous electronic correspondence and internet postings that they owned the Property, and actively threatening to sue the real estate agent and the buyer in order to obstruct the sale. The Trustee sought compensatory damages for fees and costs incurred in defending the district court action, addressing Appellants' electronic correspondence and internet postings, and communicating with the buyer and his real estate agents regarding concerns with the sale.

At the hearing, the bankruptcy court agreed that an OSC was warranted and issued one; the OSC expanded the basis for civil contempt so as to include violations of the Sale Order.

Before the OSC issued, Appellants filed a document titled "Cause to Disobey and Appeal the Order Granting Motion of Marshack for Default Judgment; Cause to Disobey and Appeal From Order for Sale of The Property; Memorandum of P&A's in Support" ("Motion to Disobey"). They argued that the contempt proceeding lacked legitimacy because the bankruptcy court's orders - presumably, the Avoidance Order, the Default Order, and the Sale Order - were invalid. Appellants' Motion to Disobey was set for hearing concurrently with the hearing on the OSC. Appellants, however, never formally replied to the OSC.

Only the Trustee appeared at the OSC and Motion to Disobey hearings. The bankruptcy court stated on the record that it denied Appellants' Motion to Disobey and found Appellants in

5

civil contempt. In its subsequent order (the "Contempt Order"), the bankruptcy court reiterated its finding of civil contempt and imposed sanctions against Appellants in the collective amount of $93,832.72; the calculated sanctions included fees incurred by the Trustee's special litigation counsel in the district court action. Appellants timely appealed.[7]

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (O). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court abused its discretion in finding Appellants in civil contempt under § 105(a) and imposing sanctions against them.

## STANDARDS OF REVIEW

"We review the decision to impose contempt for an abuse of discretion, and underlying factual findings for clear error." Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1191 (9th Cir. 2003); see also Nash v. Clark Cty. Dist. Att'ys Office (In re Nash), 464 B.R. 874, 878 (9th Cir. BAP 2012) ("An award or denial of sanctions under § 105(a) is reviewed for abuse of discretion.").

The bankruptcy court abuses its discretion if it applies

---

[7] Appellants appealed from the Trustee's lodged order, which they asserted "merged" with the order denying their Motion to Disobey. In their notice of appeal, Appellants expressly state that the order denying Appellants' Motion to Disobey "is not the subject of this appeal." Thus, we review only the Contempt Order in this appeal.

6

the wrong legal standard, misapplies the correct legal standard, or if its factual findings are clearly erroneous. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011) (citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)). Factual findings are clearly erroneous if illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See id.

**DISCUSSION**

**A. Appellants' Motion Regarding the Trustee's Acknowledgment of Satisfaction of Judgment.**

While this appeal was pending, the Trustee moved for authorization to offset the sanctions awarded to him in the Contempt Order against Yang's interest in the Property sale proceeds. The bankruptcy court entered an order granting the motion; accordingly, the Trustee thereafter took action and filed an acknowledgment of satisfaction in the Property Administration Proceeding. Appellants promptly appealed from the offset order. See BAP No. 16-1053 (the "offset order appeal").

Appellants now move in both this appeal and in their newest appeal for an order instructing the Trustee to withdraw the acknowledgment of satisfaction. They argue that the acknowledgment may interfere with or hinder disposition of the appeals. They also argue that the acknowledgment is unlawful, based on Appellants' reiterated allegations that the avoidance adversary proceeding was improper.

We lack jurisdiction to direct the Trustee to withdraw a

7

document filed in accordance with a valid and enforceable bankruptcy court order that was issued after this appeal was filed. While we recognize that the acknowledgment is related to the sanctions awarded against Appellants, it neither deprives us of jurisdiction nor impacts our decisional process. Appellants' motion is instead subject to appropriate consideration in the offset order appeal. Therefore, Appellants' motion in this appeal is DENIED.

**B.    The Contempt Order.**

The bankruptcy court is authorized under § 105(a) to hold a party in civil contempt and impose compensatory or coercive sanctions. In re Dyer, 322 F.3d at 1189-90; Renwick v. Bennett (In re Bennett), 298 F.3d 1059, 1069 (9th Cir. 2002); Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 506-07 (9th Cir. 2002); In re Nash, 464 B.R. at 880. To find a party in civil contempt, the movant must prove "by clear and convincing evidence that the contemnor[] violated a specific and definite order of the court." In re Dyer, 322 F.3d at 1190-91. The bankruptcy court must also find that the contemnor "had sufficient notice of [the order's] terms and the fact that he would be sanctioned if he did not comply." Hansbrough v. Birdsell (In re Hercules Enters., Inc.), 387 F.3d 1024, 1028 (9th Cir. 2004). Whether the contemnor violated a court order is not based on subjective beliefs or intent in complying with the order, "but whether in fact [the] conduct complied with the order at issue." In re Dyer, 322 F.3d at 1191 (citation omitted).

Here, two orders formed the basis for the OSC and the resultant Contempt Order. Appellants do not raise or address on

8

appeal, and did not raise to the bankruptcy court, issues directly relating to the merits of the sanctions process. Our facial review of the Contempt Order, however, reveals issues we cannot overlook.

**The Default Order.** On this record, we cannot affirm the finding of civil contempt and the imposition of sanctions in relation to the Default Order. The order granted relief in the Trustee's favor. It, however, did not require any action from Appellants; thus, it could not warn them of the consequences for violating the order. Further, the order was entered solely against Yang. The Debtor could not violate an order where he was not named and neither the Debtor nor Yang could violate an order that did not direct them to act or refrain from action.

Thus, we reverse the bankruptcy court's determination of civil contempt based on the Default Order.

**The Sale Order.** Conversely, the Sale Order contained specific requirements. It expressly stated that: "Neither Yan Sui nor Pei-yu Yang shall assert any lien, claim, or interest in the Property in violation of the free and clear provisions of this order. Any actions taken in violation of this order may be adjudicated to be contempt." There can be no doubt that this provision directed Appellants to refrain from taking actions against the Property that were inconsistent with the Sale Order and provided Appellants with notice of the possible consequences for non-compliance. There also is no doubt that actions in violation of this order occurred.

Thus, we affirm the bankruptcy court's determination of civil contempt based on the Sale Order.

9

**Sanctions Award.** The Sale Order was entered on June 4, 2015. It appears that the majority of Appellants' efforts to thwart the sale of the Property occurred prior to that date. Given that the majority of the sanctions awarded to the Trustee did not flow from the Sale Order, we vacate the Contempt Order and remand the matter to the bankruptcy court for a recalculation of the amount of sanctions. The Trustee is entitled to compensatory damages solely for fees and costs incurred in relation to Appellants' civil contempt after the entry of the Sale Order.[8]

We fully recognize that Appellants' efforts to thwart the sale of the Property were egregious. Perhaps their actions were tantamount to the type of bad faith or willful misconduct necessary to sanction a party under the bankruptcy court's inherent sanctions power, see Price v. Lehtinen (In re Lehtinen), 564 F.3d 1052, 1061 (9th Cir. 2009); In re Dyer, 322 F.3d at 1196, or as a result of vexatious conduct preventing an orderly and expeditious disposition of the Property Administration Proceeding and the bankruptcy case, see Hale v. U.S. Tr., 509 F.3d 1139, 1148 (9th Cir. 2007); Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.), 77 F.3d 278, 284 (9th Cir. 1996), or perhaps they violate Rule 9011(b). See Fed. R. Bankr. P. 9011(b)(1)-(4). Appellants' continued efforts to rehash the same tired arguments before a litany of

---

[8] Thus, to the extent Appellants are concerned about the Trustee recovering fees for special litigation counsel both as part of Appellants' civil contempt and in the district court action, the bankruptcy court can address those concerns on remand.

courts clearly evidences an abuse of process. Our decision, thus, is without prejudice to the Trustee's ability to seek sanctions under another sanctions theory.

**CONCLUSION**

Based on the foregoing, we REVERSE the bankruptcy court's determination of civil contempt as to the Default Order, we AFFIRM its determination of civil contempt as to the Sale Order, and we VACATE the Contempt Order and REMAND to the bankruptcy court for a modification of the sanctions award.